## MARC vs. CHURCH WARDENS OF THE ROMAN CATHOLIC CHURCH OF ST. MARTINSVILLE.

APPEAL from the court of the fifth district, the judge of the sixth district presiding.

PORTER, J. delivered the opinion of the court. This action was instituted by the heirs of the late curate of the parish of St. Martin, to recover a sum of money alleged to be due to his deceased uncle, for moneys paid and advanced for the use of the church, (Fabrique,) during his lifetime. Annexed to the petition, is an open account by the church wardens, and signed by them. The principal defence set up in the answer is, *error* in the settlement. It is alleged that, according to the tariff, established by the bishop of Louisiana, in the year 1795, the curates of the parishes in the diocese, had a right to receive a certain sum on each interment made by them, a portion of which was

In a case which depends on a variety of circumstances to prove its true merits and to arrive at the justice of it where the proof is defective and unsatisfactory, the cause will be remanded for further proceedings on the merits.

The general rule is, that he who affirms must prove, but when the affirmative involves a negative, the proof must come from the other side. The plaintiff affirmed that the curate *did not* receive a salary and it devolved on the defendants to prove that he *did;* the negative, which was involved in the affirmative, could not be proved.

set apart for the use of the church. That the late curate acted under that tariff, and received a large sum of money to the use of the church, which he failed to pay over, or to account for in the settlement made by them, and that they were ignorant of the particular provisions contained in the tariff, until after the decease of the ancestor of the plaintiff.

This tariff has been introduced in evidence, and comes up with the record. The rights of the parties turn mainly on a correct understanding of the last clause.

It is in these words—*Ce tariff durera tant que les ministres seront salaries, mais si par quelqu' evenement leur paye est suspendue, ils peuvent demander son changement.*

We think, with the counsel for the plaintiff, that in these churches, where the ministers receive no salary, the tariff was not in force. This appears to us to be its obvious meaning. It has been ingeniously argued, that the latter part of the clause, which states, "that if their salaries are suspended, *they may demand an alteration of it*," shews, that the suspension of the salaries does not destroy the operation of the tariff, but merely gives

the curates a right to demand an alteration; and that no such demand was ever made by the plaintiff's ancestor. This circumstance may perhaps be true, in those churches where the minister was once salaried, and afterwards ceased to be so. But it is a construction, which certainly does not depart from the letter of the regulations. If, however, in point of fact, the curate of St. Martin never did receive a salary, this provision cannot apply to him. For, if it never was in force in his parish, he was under no obligation to ask for a change in it.

It has been much disputed, on whom the burthen of proof was thrown, as to the existence of the salary. The general rule is, that he who *affirms* must *prove;* but where the affirmative involves a negative, as was the case here, namely, that the curate *did not* receive a salary, then the proof of it must come from the opposite party, for a negative cannot be proved.

We think the justice of the case requires, it should be remanded.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the

case be remanded for a new trial; and that the appellee pay the costs of the appeal.

*Simon* and *Brownson* for the plaintiff, *Bowen* for the defendants.